**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**October 5, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RACHEL LAWRENCE MOR;
CHARLES W. WRIGHT, individuals,

Plaintiffs-Appellees,

v.

OKLAHOMA CORPORATION
COMMISSION, a state agency,

Defendant,

and

BEN JACKSON; DEE PORTER;
DENISE BODE; JEFF CLOUD;
BOB ANTHONY, in their individual
and official capacities,

Defendants-Appellants.

No. 06-6005
(D.C. No. 04-CV-1088-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **McCONNELL**, **BARRETT**, and **ANDERSON**, Circuit Judges.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendants Oklahoma Corporation Commission (OCC) and individual employees or board members of the OCC (Ben Jackson, Dee Porter, Denise Bode, Jeff Cloud, and Bob Anthony) have filed an interlocutory appeal from the district court's denial of summary judgment on the claims of plaintiffs Rachel Lawrence Mor and Charles W. Wright under 42 U.S.C. § 1983, Title VII, 42 U.S.C. §§ 2000e to 2000e-16c, and Oklahoma state law. Because we lack appellate jurisdiction over the district court's ruling, we dismiss the appeal.

I.

While employed as attorneys in the general law division of the OCC, plaintiffs became concerned about the settlement of major cases filed against the Petroleum Storage Tank Indemnity Fund. They expressed their negative views to OCC employees, a legislative staff person, and an FBI agent--even after being relieved of any responsibility for the cases. Mr. Wright also supported another OCC employee in her EEOC charge of discriminatory constructive discharge. Despite previously positive performance evaluations, both plaintiffs were investigated, accused of poor job performance and improper use of state computer equipment, then summarily fired.

Plaintiffs brought this action, asserting that the terminations infringed upon their constitutional rights to freedom of speech and due process. Their complaint also set out conspiracy counts and state claims of wrongful termination in violation of public policy, defamation, intentional infliction of emotional distress,

and breach of contract. In addition, Mr. Wright asserted a Title VII retaliation claim.

Defendants sought summary judgment on various grounds. In part, the individual defendants argued that they were immune from liability under § 1983, based on the doctrine of qualified immunity. The district court determined that defendants were not entitled to qualified immunity because "Plaintiffs [had] offered evidentiary materials demonstrating that, when viewed in the light most favorable to them, Defendants' conduct violated their constitutional rights," and because plaintiffs' claims were based on "longstanding and precedential" constitutional case law. Aplt. App. at 1511. In this appeal, the individual defendants challenge the district court's rejection of their qualified immunity defenses. Plaintiffs have filed a motion to dismiss the appeal for lack of jurisdiction.

## II.

The threshold question, raised by plaintiffs, is whether 28 U.S.C. § 1291 authorizes this court to exercise jurisdiction over the individual defendants' appeal. Section 1291 provides this court with

> appellate jurisdiction over "final decisions" of the district courts. Under the "collateral order" doctrine, some district court orders are considered "final" even though they are entered before final judgment has entered in the case. One such collateral order permitting interlocutory appeal is an order denying qualified immunity. A denial of qualified immunity is only immediately

appealable, however, to the extent the district court's decision turns on an abstract issue of law.

*Walker v. City of Orem*, 451 F.3d 1139, 1154 (10th Cir. 2006) (citations omitted).

"Thus, an appellate court may examine on interlocutory appeal the purely legal question of whether the facts alleged by plaintiff support a claim of violation of clearly established law." *Robbins v. Wilkie*, 433 F.3d 755, 761 (10th Cir.), *petition for cert. filed*, 75 U.S.L.W. 3074 (U.S. Aug. 11, 2006) (No. 06-219). But it "may not . . . review questions of evidentiary sufficiency on interlocutory appeal." *Id.* "[A] district court order denying qualified immunity is not immediately appealable insofar as the order determines plaintiff's claims are supported by sufficient evidence in the record or disputed issues of material fact exist which preclude summary judgment." *Id.* In other words, we lack jurisdiction "if our review would require second-guessing the district court's determinations of evidence sufficiency." *Medina v. Cram*, 252 F.3d 1124, 1130 (10th Cir. 2001).

Applying these principles to the case at hand, we conclude that we lack jurisdiction to consider the individual defendants' arguments. At base, they contend the district court failed to recognize that the facts do not demonstrate a violation of plaintiffs' clearly established constitutional rights.[1] Despite their

---

[1]    In a sub-argument, the individual defendants claim that the district court improperly "refused to rule" on their motion to strike portions of plaintiffs' responsive filings. Aplt. Br. at 59-60. At best, this statement is overblown.

(continued...)

efforts to express their appellate issues as pure questions of law, the individual defendants are essentially attacking the district court's determination on sufficiency of the evidence. As a result, we may not exercise jurisdiction over their appeal.

Plaintiffs' motion is granted. The appeal is DISMISSED for lack of jurisdiction.

Entered for the Court


Stephen H. Anderson
Circuit Judge

---

[1](...continued)
In a separate order (which defendants failed to attach to their brief in compliance with 10th Cir. R. 28.2(A)(1)), the district court plainly considered and denied the motion. Aplt. App. at 1506-07.

Also, as supplemental authority in support of their case, defendants have submitted the recent case of *Garcetti v. Ceballos*, 126 S. Ct. 1951, 1960 (2006), in which the Supreme Court held that public employees' speech is not entitled to First Amendment protection if they were speaking pursuant to official job-related duties. The district court was not presented with an ordered discussion of the facts in light of the *Garcetti* holding. "[I]t is well-settled that this court generally does not review matters raised for the first time on appeal." *Burrell v. Armijo*, 456 F.3d 1159, 1170 (10th Cir. 2006). If defendants choose to do so, they may raise this issue in the district court.